

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JRS/ALK/MWG/SMS                         *271 Cadman Plaza East*
F. #2020R00146                          *Brooklyn, New York 11201*

December 18, 2023

By ECF

The Honorable LaShann DeArcy Hall
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Saracay Lopez, et al.
             Criminal Docket No. 20-228 (S-2) (LDH)

Dear Judge DeArcy Hall:

           The government respectfully requests that the Court enter the enclosed protective order, which has been signed by counsel for defendant Jose Perez Ovando, who was arraigned in this case on December 12, 2023. The enclosed proposed order is identical to the orders the Court previously signed on July 20, 2023 and August 22, 2023, as to the other defendants in the case. See ECF Dkt. Nos. 363 & 405.

                        Respectfully submitted,

                        BREON PEACE
                        United States Attorney

By:        /s/
                        Jonathan Siegel
                        Michael W. Gibaldi
                        Anna L. Karamigios
                        Sophia M. Suarez
                        Assistant U.S. Attorneys
                        (718) 254-7000

Enclosure

cc:    Clerk of Court (LDH) (via ECF)
       Counsel of Record (via ECF)

JRS/ALK/MWG
F.#2020R00146

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

      -against-                         <u>STIPULATION & PROTECTIVE ORDER</u>

SARACAY-LOPEZ, <u>et al.</u>                   20-CR-228 (S-2) (LDH)

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

        IT IS HEREBY STIPULATED AND AGREED by the undersigned attorneys and ORDERED by the Court, pursuant to Federal Rule of Criminal Procedure 16(d), that:

        1.     All material and information disclosed or produced pursuant to Rule 16 of the Federal Rules of Criminal Procedure, pursuant to 18 U.S.C. § 3500, and/or pursuant to <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>Giglio v. United States</u>, 405 U.S. 150 (1972), to the defendant who has agreed to this Order (the "Defendant"), and the Defendant's counsel ("Defense Counsel"), by the government in the above-captioned case, including material previously produced (hereinafter, the "Discovery Materials") shall be governed by this protective order (the "Protective Order").

        2.     Discovery Materials specifically identified by the government as sensitive discovery material (the "Sensitive Discovery Material"), and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Sensitive Discovery Materials, may be used by the Defendant, Defense Counsel and

1

Defense Staff (which is defined as non-lawyer staff employed or contracted by Defense Counsel, as well as expert witnesses, investigators and interpreters retained by Defense Counsel) only for the purposes of defending against the charges in the above-captioned case, including but not limited to preparation for trial and any sentencing, appeal, or collateral attack involving the charges in the above-captioned case.

3.      Except as otherwise provided in this Protective Order, any and all Sensitive Discovery Materials disclosed or produced to the Defendant and/or Defense Counsel by the government, and any copies, notes, transcripts, documents, and other information and materials derived or prepared from the Sensitive Discovery Materials, shall not be further disclosed, disseminated or discussed by the Defendant, Defense Counsel, or Defense Staff to, or with, any individuals, organizations, or other entities.  Persons who are interviewed as potential witnesses and counsel or legal staff for potential witnesses may be shown (but not provided copies of) Sensitive Discovery Materials for purposes of investigating and defending the case.

4.      In the event that the Defendant or Defense Counsel seek to file Sensitive Discovery Material with the Court in advance of trial, the Defendant and Defense Counsel will seek Court authorization to file such material under seal and will not file such material publicly without first seeking Court authorization, with notice to the government.

5.      If the Defendant obtains substitute counsel, the Defendant, Defense Staff, or Defense Counsel will not transfer any portion of the Sensitive Discovery Materials or any copies, notes, transcripts, documents, or other information and materials derived or prepared from the Sensitive Discovery Materials unless and until such counsel becomes

counsel of record, has been provided a copy of this Protective Order, signs Attachment A to this Protective Order, and provides a signed copy of Attachment A to the government.

6.     The Defendant may review Sensitive Discovery Materials only in the presence, whether in-person or virtual, of Defense Counsel or Defense Staff.  The Defendant is prohibited from having possession, custody, or control of the Sensitive Discovery Material, and any and all copies, notes, transcripts, documents and other information and materials derived or prepared from the Sensitive Discovery Material, including materials created by the Defendant.

7.     Except as otherwise provided in this Protective Order, the Defendant, Defense Counsel and Defense Staff shall not obtain or create any copies of the Sensitive Discovery Material for disclosure or dissemination to any person other than Defense Counsel and Defense Staff.

8.     If Defense Counsel choose to share the Sensitive Discovery Material with the Defendant, a witness and/or a witness's counsel, that Sensitive Discovery Material must be shared in the presence, whether in-person or virtual, of Defense Counsel or Defense Staff.

9.     All Discovery Material specifically identified by the government as material designated for "ATTORNEYS' EYES ONLY" (the "Attorneys' Eyes Only Material") shall be treated as if it had been designated as Sensitive Discovery Material with the additional limitations discussed in paragraph 10 below.

10.     Attorneys' Eyes Only Material may be reviewed only by Defense Counsel and Defense Staff, as defined in paragraphs 1 and 2 above, respectively.  Attorneys' Eyes Only Material, or any copies, notes, transcripts, documents, or other information and

materials derived or prepared from the Attorneys' Eyes Only Material, may not be disseminated to or reviewed by any other person, including the Defendant.

11.     If the government and Defense Counsel do not agree that certain material should be designated as Sensitive Discovery Material or Attorneys' Eyes Only Material, the Defense Counsel may provide notice to the government and a reasoned explanation regarding why Defense Counsel does not believe the materials require treatment as Sensitive Discovery Material or Attorneys' Eyes Only Material.  To the extent the parties do not agree, the government may make an application to the Court within fourteen days and seek to establish good cause regarding why the material should be treated as Sensitive Discovery Material or Attorneys' Eyes Only Material.  The Defendant, Defense Counsel and Defense Staff shall treat the material as Sensitive Discovery Material or Attorneys' Eyes Only Material, as applicable, pending any determination by the Court.

12.     Nothing in this Protective Order shall preclude the government from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery.

13.     Any documents, material, or  information determined to be  Sensitive Discovery Material or Attorneys' Eyes Only Material will be so designated by stamping the legend "SENSITIVE" or "ATTORNEYS' EYES ONLY" on the document and by otherwise stating in writing to Defense Counsel the appropriate designation of the material or information.  While each page of a sensitive document and its attachments may be marked, it shall be assumed that a sensitive designation on the first page of a document indicates the same sensitive designation for the entire document and its attachments, unless otherwise noted.  Where electronic files or documents are produced in a format that makes stamping impractical, such files and documents may be designated by appending to the media on

which such a file or documents are produced, file name, or to the electronic folder in which the file is located, information indicating that the file contains Sensitive or Attorneys' Eyes Only Material.

14.    In the event the terms of this Protective Order are violated, Defense Counsel or the government shall advise the Court and opposing counsel immediately of the nature and circumstances of such violation.

15.    Emma M. Greenwood, the court-appointed Coordinating Discovery Attorney ("CDA"), may disclose, make copies of, or reveal the contents of Sensitive Discovery Material and the Attorneys' Eyes Only Material to defense counsel in the above-captioned matter and to her employees who are assisting in the preparation and dissemination of such materials, and to third party vendors she may deem necessary to retain to process the discovery she receives, all in furtherance of fulfilling her duties and obligations under the Court's June 15, 2021 Order appointing Ms. Greenwood as CDA.  Ms. Greenwood shall serve this Protective Order upon any such attorney, employee or vendor, instructing them that they are bound by its terms; she shall instruct such persons that further disclosure is prohibited; and shall require such persons (other than her employees and attorneys who have signed this Protective Order) to sign Attachment A to this Protective Order.

16.     This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

Dated:          Brooklyn, New York
                December ___, 2023

                                                BREON PEACE
                                                United States Attorney
                                                Eastern District of New York


                                        By:  *Sophia Suarez*
                                                Jonathan Siegel
                                                Anna L. Karamigios
                                                Michael W. Gibaldi
                                                Sophia M. Suarez
                                                Assistant U.S. Attorneys


_____
Joshua Horowitz, Esq.
Attorney for Jose Perez Ovando




SO ORDERED.


_____
THE HONORABLE LASHANN DEARCY HALL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

Attachment A to Protective Order

I have read the attached Protective Order in the matter of <u>United States v. SARACAY-LOPEZ, *et al.*</u>, No. 20-CR-228 (S-2) (LDH), and, by my signature below, agree to be bound by its terms.

| Printed Name | Signature |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |
|  |  |